**UNITED STATES COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL MULLER, <br> individually and on behalf of all others <br> similarly situated, <br><br>        Plaintiff, <br><br> v. <br><br> COLGATE-PALMOLIVE COMPANY, <br> and DOES 1 through 10, <br><br>        Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## COLGATE-PALMOLIVE COMPANY'S NOTICE OF REMOVAL

Defendant Colgate-Palmolive Company ("Defendant" or "Colgate") hereby effects the removal of this action from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division.  Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) because this case is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million.  Venue is proper under 28 U.S.C. § 1391 because Plaintiff purchased the allegedly mislabeled product in St. Louis County, Missouri, which is part of the District to which this case has been removed.

### FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1.     Plaintiff filed this lawsuit in the Circuit Court of St. Louis County, Missouri.  Defendant Colgate received service on December 9, 2020.[1]

2.     Pursuant to 28 U.S.C § 1446(a), a true and correct copy of the state court case file is attached hereto as Exhibit A and incorporated herein by reference.  Exhibit A includes all process, pleadings, motions, and orders filed in this case.

---

[1] This lawsuit is substantially similar to *Huskey v. Colgate-Palmolive*, Case No. 4:19-cv-02710-JAR, which was filed by the same counsel representing Plaintiff here, and which is currently pending in this Court before Judge John A. Ross.

3.     Plaintiff's Class Action Petition ("Petition") alleges that Defendant has "deceptively and misleadingly marketed" its Speed Stick ("SS") Stainguard antiperspirant as a product that fights yellow stains and white marks, when the Stainguard antiperspirant "actually *causes* and *creates* the 'yellow stains' and 'white marks' that it claims to 'fight.'"  *See* Ex. A, Petition, ¶¶ 2–3.

4.     Plaintiff alleges that he purchased SS Stainguard antiperspirant from a retail store in St. Louis, Missouri.  *Id.*, ¶ 69.

5.     Plaintiff asserts claims against Defendant for breach of warranty and unjust enrichment, on behalf of a putative class of all consumers who purchased SS Stainguard antiperspirant in the United States, from December 2, 2015, to December 2, 2020 (the "Class"). *Id.*, ¶¶ 20, 82-104.

6.     Plaintiff also asserts claims against Defendant for misleading, false and deceptive marketing under the Missouri Merchandising Practices Act ("MMPA"), RSMo. § 407.010 *et seq.*, and injunctive relief, on behalf of a putative class of all consumers who purchased SS Stainguard antiperspirant in the State of Missouri, from December 2, 2015, to December 2, 2020 (the "Subclass").  *Id.*, ¶¶ 20, 105-113.

7.     The Petition seeks compensatory damages, restitution, punitive damages, injunctive relief, and attorneys' fees and costs.  *Id.*, Prayer for Relief.

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)

8.     CAFA provides that federal courts have original jurisdiction over class actions in which (i) any plaintiff is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d).  Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

### The Parties Are Sufficiently Numerous To Satisfy CAFA

9.     Plaintiff alleges that "the Class and Subclass includes tens of thousands, if not hundreds of thousands, of individuals."  Ex. A, Petition, ¶ 21.  This satisfies CAFA's numerosity requirement.

**The Parties Are Minimally Diverse**

10.     CAFA's minimal diversity requirement is satisfied in this action because Plaintiff is a citizen of Missouri, whereas Defendant Colgate is a citizen of Delaware and New York.  *See id.*, at ¶¶ 13, 15; *see also* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

**There Is at Least $5,000,000 in Controversy**

11.     "[W]hen determining the amount in controversy, the question is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."  *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (quotation and citation omitted); *see also Zunamon v. Brown*, 418 F.2d 883, 887 (8th Cir. 1969) ("Jurisdiction is measured by the amount properly pleaded or as of the time of the suit, not by the end result."). Under CAFA, "[a] court determines the amount in controversy by aggregating the claims of all proposed class members."  *Harrington Enters., Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197, 1199 (W.D. Mo. 2013); *see also Std. Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (CAFA requires "adding up the value of the claim of each person who falls within the definition of the proposed class.").  "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, ... then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."  *Raskas*, 719 F.3d at 888 (quotation and citation omitted); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (the amount-in-controversy standard is satisfied if the removing party can make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

12.     As evidenced by the concurrently-filed Declaration of Ben McLaughlin, from December 2015 through December 2020, nationwide retail sales of SS Stainguard antiperspirant exceeded $5 million.  Ex. B, Decl. of Ben McLaughlin, at ¶ 5.

13.     Plaintiff seeks damages and/or restitution on behalf of the putative class.  Although Plaintiff is vague about the precise amount he seeks to recoup — requesting "the difference between the value of the product as promised and the value of the product as delivered,"

"disgorgement of Defendant's ill-gotten gains," and "restitution of all funds improperly obtained by Defendant" (Ex. A, Petition, at ¶¶ 96, 103, 111) — his demand places in controversy the total nationwide sales of SS Stainguard antiperspirant during the class period.  *See Raskas*, 719 F.3d at 887-88 (holding that "defendant's affidavit detailing the total sales of their respective medications in Missouri meets the amount in controversy requirement," despite the fact that plaintiffs were "only seeking to recover damages for medications discarded and replaced," since "[d]efendants are not required to provide a 'formula or methodology for calculating the potential damages' more accurately").

14.     Plaintiff also seeks punitive damages and attorneys' fees pursuant to his breach of warranty and MMPA claim (*See* Ex. A, Petition, at ¶ 97, 112, Prayer for Relief), which are properly considered as part of the amount in controversy for purposes of determining federal jurisdiction. *See Raskas*, 719 F.3d at 887-88; *Harrington Enters., Inc.*, 42 F. Supp. 3d at 1201 (considering amount of potential attorney's fees and punitive damages in determining the amount in controversy where the plaintiffs alleged causes of action under the MMPA).

15.     Fee requests in consumer class actions, such as this lawsuit, are typically significant.  *See, e.g.*, *Harrington*, 42 F. Supp. 3d at 1201 ("applying a standard 33% attorney's fee to the Class's compensatory damages" for purposes of determining the amount in controversy related to the plaintiff's MMPA claim).  Further, awards of punitive damages under the MMPA may be many multiples of the actual damages award.  *See, e.g., Lewellen v. Franklin,* 441 S.W.3d 136, 145, 148 (Mo. banc 2014) (affirming punitive damage award under the MMPA of forty times compensatory damages and holding Missouri's statutory cap on punitive damage awards unconstitutional).

16.     Thus, taken together, Plaintiff's request for damages and/or restitution, punitive damages, and attorneys' fees evidences an amount in controversy well in excess of $5 million. *See, e.g.*, *Kerr v. Ace Cash Experts, Inc.*, No. 10-1645, 2010 WL 5177977, at *2 (E.D. Mo. Dec. 14, 2010) ("Even if plaintiffs[] are correct that their damages total $1,800,000, or even only $594,000, similar amounts have been held to satisfy the amount in controversy requirement in similar cases because of the potential for punitive damages and attorneys fees."); *Thornton v. DFS*

*Services LLC*, No. 09-1040, 2009 WL 3253836, at *2 (E.D. Mo. Oct. 9, 2009) (noting that "[e]ven if only a fraction of the Missouri customers suffered actual damages, plaintiff is bringing additional claims for punitive damages and attorneys' fees, which could easily exceed the $5,000,000 threshold" of CAFA).

17.     Plaintiff also seeks "injunctive relief due to the fact that class members may be continuing to purchase the Product without being aware of the False Claims." Ex. A, Petition, Prayer for Relief. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (quoting *Hunt v. Wash. State Apple Adver, Comm'n*, 432 U.S. 333, 347 (1977)); *see also Sutter v. Aventis CropScience USA Holding, Inc.*, 145 F. Supp. 2d 1050, 1053-54 (S.D. Iowa 2001) (denying motion to remand where value of injunctive relief sought exceeded $75,000).

18.     Courts in this circuit have found that "[i]n determining the amount in controversy under the Class Action Fairness Act, the value of injunctive relief should probably be considered from either the plaintiffs' or the defendant's point of view" — *i.e.*, by using "the total benefit to the plaintiff class *or the aggregate cost to the defendant*." *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930-31 (E.D. Ark. 2008) (emphasis added) (quotation and citation omitted) (holding that the amount in controversy exceeds $5,000,000 when "measured by the value of the object of the litigation from the vantage point of the defendant," as expressly contemplated by CAFA); *Adams v. Am. Family Mut. Ins. Co.*, 981 F. Supp. 2d 837, 848 (S.D. Iowa 2013) (quotation and citation omitted) (explaining that "[i]n determining the amount in controversy under [CAFA], the value of injunctive relief should probably be considered from either the plaintiffs' or the defendant's point of view."); *Aire-Master of Am., Inc. v. Heck's Janitorial Supply, Inc.*, No. 06-3416, 2006 WL 8438474, at *1 (W.D. Mo. Dec. 20, 2006) (amount in controversy exceeded jurisdictional threshold because the "value of the injunctive relief" included the cost to defendant of having to close its janitorial business for three years).

19.     Assuming that Plaintiff's requested injunctive relief is granted, Defendant would incur substantial costs complying with such an order, as it may be required to revise its labeling

and advertising of SS Stainguard antiperspirant.  When aggregated, the potential damages and/or restitution, the punitive damages, the amount of attorneys' fees that class counsel may recover, and the cost of complying with Plaintiff's requested injunctive relief, exceed the $5 million threshold.

## VENUE IS PROPER

20.     A substantial part of the acts or omissions alleged in the Petition occurred in the Eastern District of Missouri because Plaintiff purchased the Colgate product at issue in St. Louis, Missouri.  Ex. A, Petition, ¶ 69.  Accordingly, venue is proper under 28 U.S.C. § 1391.

## REMOVAL IS TIMELY

21.     Under 28 U.S.C. § 1446(b), notice of removal of a civil action must be filed within thirty (30) days of the defendant's receipt of service of the summons and the Petition.  Colgate was served on December 9, 2020.  *See* Ex. A.  This Notice of Removal is accordingly timely.

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

22.     Defendant Colgate has not filed any responsive pleadings or filed any papers responding to the Petition in the state court.

23.     Defendant Colgate will promptly give written notice of the filing of this Notice of Removal to all parties, and a copy of this Notice will be filed with the Clerk of the Circuit Court as required by 28 U.S.C. § 1446(d).

## CONCLUSION

WHEREFORE, Notice is given that this action is removed from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Dated:  January 8, 2021                    Respectfully submitted,

                                           By:  /s/ Lisa A. Pake
                                                Lisa A. Pake (MO39397)
                                                lpake@haar-woods.com
                                                Matthew A. Martin (MO64000)
                                                mmartin@haar-woods.com
                                                HAAR & WOODS, LLP
                                                1010 Market St., Suite 1620
                                                St. Louis, Missouri 63101
                                                Telephone: (314) 241-2224
                                                Facsimile: (314) 241-2227

                                                Dean N. Panos (*pro hac vice* to be filed)
                                                dpanos@jenner.com
                                                JENNER & BLOCK LLP
                                                353 N. Clark Street
                                                Chicago, IL 60654-3456
                                                Telephone: (312) 222-9350
                                                Facsimile: (312) 527-0484

                                                Kate T. Spelman (*pro hac vice* to be filed)
                                                kspelman@jenner.com
                                                JENNER & BLOCK LLP
                                                633 West 5th Street, Suite 3600
                                                Los Angeles, CA 90071
                                                Telephone: (213) 239-5100
                                                Facsimile: (213) 239-5199

                                                *Attorneys For Defendant*
                                                Colgate-Palmolive Company

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 8th day of January 2021, the foregoing was filed electronically with the Clerk of the Court by operation of the CM/ECF system and served via electronic mail on:

Daniel F. Harvath, #57599MO
HARVATH LAW GROUP, LLC
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com

*Attorney for Plaintiff*

      /s/ Lisa A. Pake      